**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DERRICK PARRISH., | Civil Action No. 13-2020 (FLW) |
| Plaintiff, | |
| v. | **OPINION** |
| OCEAN COUNTY JAIL, et al., | |
| Defendants. | |

**APPEARANCES**:

> DERRICK PARRISH, #297405C
> Southern State Correctional Facility
> 4295 Route 47
> Delmont, NJ   08314
> Plaintiff *Pro Se*

**WOLFSON, District Judge**:

Derrick Parrish, a New Jersey prisoner, seeks to file a Complaint without prepayment of the filing fee.  This Court will grant his application to proceed *in forma pauperis*.  For the reasons expressed in this Opinion and, as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing of an amended complaint asserting a cognizable access to courts claim under 42 U.S.C. § 1983, and decline supplemental jurisdiction over claims arising under state law.

**I.   BACKGROUND**

Mr. Parrish brings this action against Ocean County Jail and Warden Theodore J. Hutler, Jr., for violation of his constitutional rights under 42 U.S.C. § 1983.  The case arises from Mr. Parrish's incarceration at Ocean County Jail.   He asserts that in September 2012, he was housed in

the older section of the jail. He alleges that, when he wanted to conduct legal research, he had to "find out what to request of the law library, or request information on what to request," submit a "request form," and then wait for three to seven days for a response, which was limited to 50 pages a week. (Complaint, ECF No. 1 at 5.) He asserts that, while he was walking through the new section of the jail, he saw a computer room. *Id.* According to Mr. Parrish, an officer told him that the computer room was available to inmates housed in the new section of the jail who wanted to research the law. *Id.* He alleges that he did "not have the same privile[]ge and access to legal information" as inmates housed in the new section of the jail, and that his limited access "has tru[]ly hindered [him] in time in learning the things [he] needed to make the right decisions in [his] cases." *Id.* He further alleges that he filed a grievance complaining about the inadequate access to legal materials, but he received no response. *Id.* For relief, he seeks damages and an injunction directing the Warden to provide equal access to legal information to all inmates housed in the jail. *Id.* at 6.

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This

2

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

A. <u>Federal Claims</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, this Court notes that Mr. Parrish sues Ocean County Jail, but a county jail is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). *See Russell v. City Of Philadelphia*, 428 F.App'x 174, 177 (3d Cir. 2011); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). Because a jail is not a person subject to suit for violation of constitutional rights, this Court will dismiss all federal claims against the jail with prejudice.

Mr. Parrish claims that the Warden violated his constitutional rights by failing to provide adequate legal research facilities to him and by giving inmates housed in the new section of the jail greater access to legal research than Parrish had. Under the First and Fourteenth Amendments,

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

prisoners retain a right of access to the courts, but that right does not include a freestanding right to a minimum amount of access to a law library. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir.), *cert. denied, Stover v. Beard*, 129 S. Ct. 1647 (2008). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library . . . is subpar." *Lewis*, 518 U.S. at 351. "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' - that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). To establish standing, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id*. at 205-206 (quoting *Christopher* at 416-17).

Here, Mr. Parrish asserts that his limited access to legal research "hindered [him] in time in learning the things [he] needed to make the right decisions in [his] cases." (Complaint, ECF No. 1 at 5.) However, his allegations do not state an access to courts claim because he has not alleged any actual injury to a non-frivolous legal claim traceable to his deficient access to legal materials.[3] For example, he does not describe the "cases" to which he refers in the Complaint or explain how the limited access to legal information caused him to lose his cases. *See Monroe*, 536 F.3d at 205.

---

[3] Moreover, the availability of legal research materials is but one of many acceptable ways to satisfy an inmate's constitutional right of access to courts. *See Diaz v. Holder,* ___ F.App'x ___, 2013 WL 3822412 *2 (3d Cir. July 25, 2013) (citing *Bounds v. Smith,* 430 U.S. 817, 831 (1977)). The right can also be satisfied by appointing counsel to represent a person in a criminal proceeding. *Id.; see also Peterkin v. Jeffes,* 855 F.2d 1021, 1042 (3d Cir. 1988).

Nor has he alleged facts showing that he has no other remedy for the lost claim other than through this suit. *Id.* Accordingly, this Court will dismiss the access to courts claim for failure to state a claim upon which relief may be granted. *See Monroe*, 536 F.3d at 205; *Diaz v. Holder,* F.App'x __, 2013 WL 3822412 *2 (3d Cir. July 25, 2013).

To the extent that Mr. Parrish asserts that the Warden violated his equal protection rights, this claim will also be dismissed for failure to state a claim. "The Equal Protection Clause commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *Vacco v. Quill*, 521 U.S. 793, 799 (1997). "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)). To state an equal protection claim, one must assert facts showing: "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *see also Johnson v. Horn*, 150 F.3d 276, 284 (3d Cir. 1998). Here, Mr. Parrish does not assert facts showing that he was similarly situated to inmates housed in the newer section of the jail, that he received different treatment from other similarly situated individuals, that the Warden did so intentionally, or that there was no rational basis for any difference in treatment. Accordingly, he does not state an equal protection claim. *See Brown v. Beard*, 445 Fed. App'x 453, 455 (3d Cir. 2011); *Hodges v. Klein*, 562 F.2d 276, 278 (3d Cir. 1977).

B. Amendment

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Because it conceivable that Mr. Parrish may be able to assert facts showing that the Warden or another jail official violated his First Amendment right of access to courts and his right to equal protection of the laws, this Court will grant him 30 days to file an amended complaint that (1) is complete on its face and (2) asserts facts showing that each named defendant violated his constitutional rights.[4]

C. Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). "A district court can decline to exercise supplemental jurisdiction in several circumstances, including a situation where 'the district court has dismissed all claims over which it has original jurisdiction,' as in this case." *Trinity Industries, Inc. v. Chicago Bridge & Iron Co.*, ___ F.3d ___, 2013 WL 4418534 *2 (3d Cir. Aug. 20, 2013) (quoting 28 U.S.C. § 1367(c)(3)). Here, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims

---

[4] Plaintiff should be aware that he must plead facts showing that each "Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.")

7

pursuant to 28 U.S.C. § 1367(c)(3).  *See Taggart v. Norwest Mortg. Inc.,* ___ F.App'x ___, 2013 WL 4873459 at *2 (3d Cir. Sept. 13, 2013).

### III.   CONCLUSION

This Court grants Plaintiff's application to proceed *in forma pauperis*, dismisses the federal claims, and declines to exercise supplemental jurisdiction.

        s/Freda L. Wolfson
        **FREDA L. WOLFSON, U.S.D.J.**

DATED:    September 19, 2013